[No. 15916-0-I.  Division One.  September 15, 1986.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES
MARVIN EDWARDS, *Appellant.*

*Michael Filipovic* of *Seattle–King County Public
Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Barbara
Linde, Deputy,* for respondent.

SCHOLFIELD, C.J.—James Marvin Edwards appeals his
sentences for kidnapping in the second degree and assault

in the second degree, arguing that the trial court incorrectly calculated his offender score under the Washington Sentencing Reform Act of 1981 (SRA).

## FACTS

Edwards was charged with two felony counts: kidnapping in the second degree and assault in the second degree. Included in both charges was use of a deadly weapon. Edwards pleaded guilty to both crimes, including the deadly weapon enhancement.

The conduct resulting in the two charges occurred at the same time. Edwards was given a ride by his former work supervisor shortly after he had gone to see her to complain about the amount of his last paycheck. Edwards got into the car, pulled a handgun and pointed it at the woman. She drove around for a while and then pulled into a fire station and called for help. One of the station's paramedics came up to the car. Edwards waved the gun at him and he backed off. The assault charge was based on the waving of the gun at the paramedic. The kidnapping charge was based on the abduction of the supervisor.

At the sentencing hearing, the prosecutor argued that Edwards had an offender score of 2 under the SRA, because each crime should be treated as part of the criminal history in sentencing for the other. Using the offender score of 2, the standard range was determined to be 25 to 29 months for the kidnapping and 24 to 26 months for the assault, with the deadly weapon enhancement.

Edwards argued that the two charges were part of the same criminal conduct, and therefore, one crime should not be considered as previous criminal history in sentencing for the other crime. Thus, he argued that the appropriate offender score was zero, and the standard range was 12 to 24 months for the kidnapping and 15 to 21 months for the assault. The trial court agreed with the prosecutor and sentenced Edwards to 26 months for each count, to run concurrently. This appeal timely followed.

ENCOMPASSING SAME CRIMINAL CONDUCT

Former RCW 9.94A.400(1)(a) states:

> Except as provided in (b) of this subsection, whenever a person is convicted of two or more offenses, the sentence range for each offense shall be determined by using all other current and prior convictions as criminal history. All sentences so determined shall be served concurrently. *Separate crimes encompassing the same criminal conduct shall be counted as one crime in determining criminal history.*

(Italics ours.)

To date, no case in Washington has construed this portion of the SRA. However, two Court of Appeals cases have construed similar language contained in the Juvenile Justice Act of 1977.

In *State v. Adcock*, 36 Wn. App. 699, 676 P.2d 1040 (1984), a juvenile had previously been convicted of three crimes committed during a 2-day period. Adcock contended that the crimes were committed during one course of conduct because they occurred during a period when he had run away from home. *Adcock*, at 701.

The *Adcock* court, however, defined course of conduct as conduct which is part "of any ordered or continuing sequence or under any recognizable scheme or plan." *Adcock*, at 706. Additionally, the court noted that a criminal event which is intimately related to or connected to another criminal event is held to arise out of the same criminal conduct. *Adcock*, at 706. *See also State v. Erickson*, 22 Wn. App. 38, 587 P.2d 613 (1978).

In *State v. Calloway*, 42 Wn. App. 420, 711 P.2d 382 (1985), a juvenile's criminal history, used to set the range of disposition following a guilty plea, included two burglaries committed within an hour of each other to obtain money for drugs as separate crimes. Calloway argued on appeal that the burglaries arose out of the same course of conduct. *Calloway*, at 422.

The *Calloway* court refined *Adcock*'s definition of the phrase same course of conduct. The court noted that the

physical or causal connection between offenses may be more limited than "recognizable scheme or plan." *Adcock,* at 706. The court referred to the Model Sentencing and Corrections Act, which finds two crimes to be part of a "single course of conduct" if during that conduct "there was no substantial change in the nature of the criminal objective". §§ 3–105, 3–107(a) (1979) (National Conference of Commissioners of Uniform State Laws). The *Calloway* court stated that the test is an objective one that is not dependent upon the defendant's subjective intent. *Calloway,* at 424.

In his book, *Sentencing in Washington,* David Boerner notes that the "encompassing" provision continues the policy of the former law, which treated closely connected crimes differently from those which were separate and distinct. Boerner, at 5–16. Boerner argues that the encompassing rule should be limited to situations involving single victims and burglaries. Boerner, at 5–18.

Burglary was specifically singled out by the Sentencing Guidelines Commission as a crime in which the underlying offense would not be counted in the criminal history score. Motion 84–368, Minutes, Sentencing Guidelines Comm'n, January 6, 1984. Boerner's rationale for suggesting a limitation of the encompassing rule to crimes involving single victims is to carry out the SRA's purpose to "[e]nsure that the punishment for a criminal offense is proportionate to the seriousness of the offense". RCW 9.94A.010(1), in part. Boerner argues that crimes that victimize more than one person clearly constitute more serious conduct. Because the statutory language of RCW 9.94A.400(1)(a) fails to endorse a "one crime per victim" analysis, we decline to adopt Boerner's reasoning.

The state of Minnesota, which has also adopted a determinate sentencing scheme, has a provision similar to the encompassing rule in Washington. The pertinent Minnesota statute provides:

> [I]f a person's conduct constitutes more than one offense . . . he may be punished for only one of such offenses

and a conviction or acquittal of any one of them is a bar to prosecution for any other of them.

Minn. Stat. § 609.035 (1982). The Minnesota court analyzed the term "single behavioral incident" or "course of conduct" in *State v. Banks,* 331 N.W.2d 491 (Minn. 1983). In deciding whether the several crimes charged were part of the same course of conduct, the court noted that it was necessary to determine whether the crimes manifested "an indivisible state of mind or coincident errors of judgment.'" *Banks,* 331 N.W.2d at 493 (quoting *State v. Sailor,* 257 N.W.2d 349, 352 (Minn. 1977)). The *Banks* court also noted that it must consider whether the segments of conduct involved were "motivated by an effort to obtain a single criminal objective." *Banks,* 331 N.W.2d at 493; *see also State v. Johnson,* 273 Minn. 394, 141 N.W.2d 517 (1966).

This subjective intent analysis directly contradicts the decision in *State v. Calloway, supra,* which describes an objective test, not dependent on the defendant's state of mind. *Calloway* provides an extension of the analysis provided in *State v. Adcock, supra.* The Sentencing Guidelines Commission's comments to RCW 9.94A.400 favorably cite *Adcock.*[1]

Applying this objective intent analysis to the facts before us, we find that Edwards' actions encompassed the same criminal conduct. The kidnapping of the supervisor and the assault on the paramedic were intimately related; there was no substantial change in the nature of the criminal objective. The kidnapping was continuing and still in progress at the time the assault occurred. Moreover, the assault was committed in furtherance of the kidnapping.

Thus, Edwards' offender score was improperly calculated.

---

[1] "Subsection (1) includes the phrase 'same criminal conduct.' A Washington appellate court, in another context, interpreted this phrase to mean: 'A criminal event which is intimately related or connected to another criminal event.' This language comes from *State v. Adcock,* 36 Wn. App. 699 (1984) interpreting the juvenile code's phrase 'the same course of conduct.' . . ." Washington Sentencing Guidelines Comm'n, *Sentencing Guidelines Implementation Manual,* II–40 (1984).

Edwards' sentence is vacated, and this case is remanded to the trial court with instructions to impose a new sentence on Edwards using the appropriate offender score of zero.

COLEMAN and GROSSE, JJ., concur.