[No. 16932-7-I.   Division One.   January 14, 1987.]

THE STATE OF WASHINGTON, *Respondent,* v. EDWARD A. RIENKS, *Appellant.*

*Mark W. Muenster* of *Washington Appellate Defender Association,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron Fine* and *Kevin M. Korsmo, Deputies,* for respondent.

PEKELIS, J.—Edward A. Rienks appeals his conviction for one count each of first degree assault, first degree burglary, first degree robbery, and second degree assault. The first three counts arise out of an incident occurring on October 18, 1984, in the Lynnwood apartment of a man named Kenny, and the fourth count, the second degree assault, stems from an incident occurring in Kenny's apartment a few days later, on October 23, 1984. Rienks alleges that the trial court erred (1) in failing to merge the first degree assault charge with the first degree robbery charge; (2) in communicating with the jury outside the presence of his

trial counsel; and (3) in calculating his standard sentence range under RCW 9.94A, the Sentencing Reform Act of 1981 (SRA). We affirm the trial court in part and reverse in part.

The testimony at trial revealed that on the evening of October 18, 1984, Rienks and Mark Sedgemore were sent to Kenny's apartment to collect money which he owed to a third person. They knocked, and the door was opened by a man named Jeffrey, who was apparently visiting Kenny. Rienks entered, shoved a small caliber pistol into Jeffrey's face and pushed him up against the wall. When Rienks ascertained that Jeffrey was not Kenny, he searched the apartment, eventually finding Kenny in one of the bedrooms. Jeffrey testified that Rienks was in the bedroom for about 5 minutes and then came back into the living room and started taking things out of a briefcase. Still holding the gun, Rienks told the people in the living room to remain there and not to try anything. Before backing out of the door he stated: "I'll be back. Be back for the rest."

On October 23, 1984, several people were once again in Kenny's apartment when Rienks knocked at the door. Sedgemore who again had accompanied Rienks, testified that although voices and shuffling could be heard inside, nobody would open the door. Rienks stated, "I've got a message from the man. Pay your bills." He then shot a hole through the door just below the lock. A woman called Carlotta who was in the apartment testified that she was standing within a foot of the bullet's path.

The jury found Rienks guilty of all four counts and further found that he was armed with a deadly weapon. On July 29, 1985, the court sentenced Rienks under the SRA. In sentencing him for the first degree assault conviction the court used Rienks' current offenses to calculate his offender score. The court determined that the burglary and robbery convictions encompassed the same criminal conduct, and thus, these two offenses were collapsed into one for purposes of computing criminal history. The second degree assault conviction for the October 23 incident was also

counted in calculating his criminal history. The resulting standard sentence range was 93 to 123 months. The court then imposed a 93-month sentence for the first degree assault conviction to run concurrently with the shorter sentences imposed for the three other convictions.

Rienks first contends that the first degree assault charge for pointing a gun in Jeffrey's face before finding and robbing Kenny should have merged into the first degree robbery charge because the assault was merely incidental to the robbery and created no separate or distinct injury. The record does not indicate that Rienks raised the merger issue below. An issue not raised before the trial court need not be considered for the first time on appeal unless it relates to a manifest error affecting a constitutional right. RAP 2.5(a); *State v. Portnoy,* 43 Wn. App. 455, 465, 718 P.2d 805 (1986).

While merger can involve a constitutional double jeopardy issue, *State v. Johnson,* 92 Wn.2d 671, 673, 600 P.2d 1249 (1979), *cert. dismissed,* 446 U.S. 948 (1980), the rule in Washington is that it does not rise to constitutional proportions where, as here, convictions are obtained on all counts but the sentences run concurrently and do not exceed the maximum penalty imposed for any one of the offenses. *State v. Johnson,* 96 Wn.2d 926, 930–32, 639 P.2d 1332 (1982). Rienks was given concurrent sentences for all four of his convictions, none of which exceeded the sentence imposed for the first degree assault conviction. Since there is no constitutional issue, he is precluded from raising the merger issue for the first time on appeal.

Rienks next contends that the trial court erred in calculating his standard sentence range. Specifically, he assigns error to the calculation of his criminal history, relying on RCW 9.94A.400(1)(a) which provides:

> Except as provided in (b) of this subsection, whenever a person is convicted of two or more offenses, the sentence range for each offense shall be determined by using all other current and prior convictions as criminal history. All sentences so determined shall be served concur-

rently. *Separate crimes encompassing the same criminal conduct shall be counted as one crime in determining criminal history.*

(Italics ours.) Rienks argues that the first degree assault committed against Jeffrey encompassed the same criminal conduct as the first degree robbery committed against Kenny. While the sentencing judge did rule that the first degree burglary encompassed the same criminal conduct as the first degree robbery, and thus the two were counted as only one crime in determining criminal history, the judge would not agree that the first degree assault also encompassed the same criminal conduct as the burglary and robbery.

Citing *State v. Ammons*, 105 Wn.2d 175, 713 P.2d 719, 718 P.2d 796 (1986), the State first contends that the sentence is not reviewable because the 93–month term imposed was not only within the standard sentence range as found by the sentencing judge, but would also have been within the applicable standard sentence range of 77 to 102 months had the court determined that the first degree assault, first degree burglary, and first degree robbery all encompassed the same criminal conduct. Second, the State argues that even if reviewable, Rienks' contention must be rejected because the "encompassing the same criminal conduct" provision is not applicable where, as here, the assault was perpetrated on a victim different from the victim of the robbery.

■ We first hold that the issue is reviewable. *Ammons*, at 182–83, states that RCW 9.94A.210(1) precludes appellate review of challenges to sentences imposed within the standard range, but does not preclude challenges to the procedure by which a sentence within the standard range is imposed. Here, Rienks challenges the procedure by which the court arrived at the standard sentence range.

Thus, we now address Rienks' substantive claim. In the recent case of *State v. Edwards*, 45 Wn. App. 378, 725 P.2d 442 (1986), this court had its first opportunity to interpret the phrase "encompassing the same criminal conduct" as

contained in former RCW 9.94A.400(1)(a). In *Edwards,* while the defendant was in the car of his former supervisor, he pulled a gun and pointed it at her. When she eventually drove into a fire station in an attempt to get help, a paramedic approached the car and Edwards waved the gun at him. Edwards was charged with and pleaded guilty to second degree assault for waving the gun and second degree kidnapping for the abduction. The sentencing court determined that the two crimes did not encompass the same criminal conduct. *Edwards,* at 379. On appeal, this court disagreed and reversed the sentencing determination, holding that:

> The kidnapping of the supervisor and the assault on the paramedic were intimately related; there was no substantial change in the nature of the criminal objective. The kidnapping was continuing and still in progress at the time the assault occurred. Moreover, the assault was committed in furtherance of the kidnapping.

*Edwards,* at 382. The case sub judice differs from *Edwards* in that the assault occurred before the robbery, and thus the primary crime was not continuing and still in progress when the secondary crime occurred. However, this difference does not detract from the major focus of *Edwards* or from the relevance of its analysis to the situation here.

In analyzing the meaning of the phrase "encompassing the same criminal conduct," the court in *Edwards* relied in large part on *State v. Adcock,* 36 Wn. App. 699, 676 P.2d 1040, *review denied,* 101 Wn.2d 1018 (1984) and *State v. Calloway,* 42 Wn. App. 420, 711 P.2d 382 (1985), both of which interpreted the phrase "same course of conduct" as set forth in RCW 13.40.020(6)(a), a subsection of the Juvenile Justice Act of 1977 addressing criminal history. These cases are instructive under the facts presented here.

*Adcock* defined course of conduct as conduct that is "committed as part of any ordered or continuing sequence or under any recognizable scheme or plan." *Adcock,* at 706. Citing *State v. Erickson,* 22 Wn. App. 38, 44, 587 P.2d 613 (1978), the court also stated that "[a] criminal event which

is intimately related or connected to another criminal event is held to arise out of the same criminal conduct." *Adcock,* at 706. The court found that three crimes committed during a 2-day period did not amount to the same course of conduct because they were committed at different locations and at different times, indicating a random series of events. *Adcock,* at 706.

In *Calloway,* the court further refined the phrase "same course of conduct," stating that in the context of RCW 13.40, the phrase implies "some physical or causal connection between offenses that, in many cases, may be more circumscribed than the connection between offenses committed as part of a 'recognizable scheme or plan.'" *Calloway,* at 423. Citing the Model Sentencing and Corrections Act §§ 3-105, 3-107 (1979) (National Conference of Commissioners on Uniform State Laws), the court stated that "two or more offenses are considered to have been committed as part of a 'single course of conduct' if during that conduct 'there was no substantial change in the nature of the criminal objective.'" *Calloway,* at 423-24. The court went on to find that the test for the "same course of conduct" is an objective one that is not dependent upon the offender's subjective intent beyond the requisite mental state for the commission of the offense. *Calloway,* at 424. Under this analysis, the court determined that two burglaries committed within 1 hour of each other and allegedly both for the purpose of obtaining drugs did not arise from the same course of conduct because the criminal objective of each crime, though identical, *i.e.,* burglary, was distinct and separately realized upon the completion of each incident. *Calloway,* at 424.

■ Under the standards set forth in *Calloway* and *Adcock* and adhered to in *Edwards,* the burglary, robbery, and first degree assault, all occurring on October 18, 1984, encompass the same criminal conduct. The three offenses were committed as part of a recognizable scheme or plan, *Adcock,* at 706, and were committed with no substantial change in the nature of the criminal objective, *Calloway,*

at 423–24, *i.e.,* robbing Kenny. Rienks' only purpose in assaulting Jeffrey was to get to Kenny. As in *Edwards,* there was no independent motive for the secondary crime; rather, the objective was to accomplish or complete the primary one. Thus we hold that the trial court erred in determining that the burglary, robbery, and first degree assault did not all encompass the same criminal conduct under RCW 9.94A.400(1)(a).

Rienks finally contends that the trial court committed reversible error when it answered a jury inquiry without notifying him or his attorney, thus depriving them of the opportunity to object to the court's proposed answer. Citing *State v. Caliguri,* 99 Wn.2d 501, 508–09, 664 P.2d 466 (1983), he claims that the communication made by the court to the jury without his presence or that of his attorney is presumed to be prejudicial, and the State has not satisfied its burden of proving that the communication was harmless.[1]

After the jury began its deliberations, it sent a written inquiry to the court:

Reguarding [*sic*] Instruction [no.] 13 [the to convict instruction for second degree assault] did the defendant have to know specifically that he was assaulting Carlotta and/or Sheila.

The court responded: "You must find that the defendant knowingly assaulted someone."

■ The party seeking review has the burden of perfecting the record so that this court has before it all of the evidence relevant to the issue. *Allemeier v. UW,* 42 Wn. App. 465, 472–73, 712 P.2d 306 (1985); *State v. Jackson,* 36 Wn. App. 510, 516, 676 P.2d 517, *aff'd,* 102 Wn.2d 689, 689

---

[1] For reasons expressed *infra,* this court cannot reach the merits of this assignment of error. However, we note that the court in *Caliguri* held that a communication between a judge and jury in the defendant's absence where a third party is present may be harmless error. The court actually reserved judgment on whether there is a conclusive presumption of error in those cases where the only persons with knowledge of what occurred are the judge who erred and the jurors affected by the error. The court merely observed that in such a case, the argument for a conclusive presumption of error has more force. *Caliguri,* at 508–09.

P.2d 76 (1984); *see* RAP 9.2(b). Matters not in the record will not be considered by the court on appeal. *State v. Likakur,* 26 Wn. App. 297, 301, 613 P.2d 156 (1980); *see State v. Blight,* 89 Wn.2d 38, 46–47, 569 P.2d 1129 (1977). Before oral argument in this case, there was nothing in the record on appeal to support the assertion in Rienks' brief that his counsel was not present at the time of the communication. After oral argument, Rienks submitted two affidavits, one from the trial judge and one from Rienks' trial counsel. These do not support Rienks' assertion since neither affiant can recall who, if anyone, was consulted or present at the relevant time.

The record and affidavits establish only that the judge answered the jury's inquiry. This in itself was not error since whether to give further instructions after the jury has begun its deliberations is within the trial court's discretion. CrR 6.15(f)(1);[2] *State v. Langdon,* 42 Wn. App. 715, 718, 713 P.2d 120 (1986); *State v. Miller,* 40 Wn. App. 483, 489, 698 P.2d 1123 (1985). Rienks has failed to provide information sufficient to enable us to reach the merits of his claim that the court erred in communicating with the jury outside of his presence. He has not established that neither he nor his attorney was present.

We remand for resentencing and otherwise affirm.

COLEMAN and GROSSE, JJ., concur.

Reconsideration denied March 30, 1987.

Review by Supreme Court pending October 15, 1987.

---

[2]CrR 6.15(f)(1) provides:

"After retirement for deliberation, if the jury desires to be informed on any point of law, the judge may require the officer having them in charge to conduct them into court. Upon the jury being brought into court, the information requested, if given, shall be given in the presence of, or after notice to the parties or their counsel. Any additional instruction upon any point of law shall be given in writing."