[No. 9099–6–II.   Division Two.   April 22, 1987.]

THE STATE OF WASHINGTON, *Respondent,* v. MICHAEL JERMAINE BOZE, *Appellant.*

478

*Dennis W. Ashman,* for appellant.

*John W. Ladenburg, Prosecuting Attorney, Kathleen Proctor, Deputy,* and *Catherine M. Whitted, Legal Intern,* for respondent.

REED, C.J.—Defendant Michael Boze appeals his standard range sentence on three counts of unlawful delivery of a controlled substance, alleging that his offender score was erroneously calculated and that the sentencing judge erred in failing to consider him for a first time offender option. We affirm.

Boze pleaded guilty to three counts of unlawful delivery of a controlled substance. RCW 69.50.401(a)(1)(i). On three occasions he sold cocaine to the same undercover police officer. The sales occurred on February 5, February 23 and March 6, 1985. Each took place at Boze's residence. On the first occasion Boze was armed with a handgun. Boze had no

prior felony convictions.

Boze was given an offender score of 4 on count 3; the court considered counts 1 and 2 as his criminal history. The standard range for the offense was 31 to 41 months, as opposed to 12 to 14 months if counts 1 and 2 had not been considered in computing the score. Boze was sentenced to 31 months, with an additional 12 months enhancement for the weapon, for a total of 43 months.

The sentencing judge refused to consider Boze for a first time offender option although Boze falls within the definition of a first time offender. No reasons were given on the record for refusal to consider Boze for this option.

The first question we are asked to consider is whether the three deliveries of cocaine were "[s]eparate crimes encompassing the same criminal conduct" under former RCW 9.94A.400(1)(a) so that they should be counted as one crime to determine Boze's criminal history. We conclude that the crimes did not encompass the same criminal conduct, and that Boze's offender score thus was calculated correctly.

When Boze was sentenced, RCW 9.94A.400(1)(a) provided in pertinent part:

> Separate crimes encompassing the same criminal conduct shall be counted as one crime in determining criminal history.

We concur with the analysis of this provision recently adopted in Division One of this court. Division One ruled that convictions for kidnapping and assault encompassed the same criminal conduct where the defendant kidnapped his supervisor and, when she attempted to get help, waved a gun at a would–be rescuer. *State v. Edwards,* 45 Wn. App. 378, 725 P.2d 442 (1986). The court relied on an interpretation of the corresponding juvenile sentencing rule ("same course of conduct", RCW 13.40.020(6)(a)) adopted in *State v. Adcock,* 36 Wn. App. 699, 676 P.2d 1040, *review denied,* 101 Wn.2d 1018 (1984) and *State v. Calloway,* 42 Wn. App. 420, 711 P.2d 382 (1985). Under this analysis the kidnapping and assault encompassed the same criminal

conduct because the offenses were committed as part of an ordered or continuing sequence or under a recognizable scheme or plan with no substantial change in the nature of the criminal objective. *Edwards,* 45 Wn. App. at 382.

Similarly, in *State v. Rienks,* 46 Wn. App. 537, 731 P.2d 1116 (1987), Division One found that burglary, robbery and first degree assault encompassed the same criminal conduct where the defendant went to a victim's apartment to collect money owed to a third person; the defendant entered, assaulted one man and stole money from a briefcase. The court determined that the three offenses were committed as part of a recognizable scheme or plan and were committed with no substantial change in the nature of the criminal objective, and therefore encompassed the same criminal conduct within the meaning of the sentencing reform act. *Rienks,* 46 Wn. App. at 543. Refining "no substantial change in criminal objective," the court pointed out that "there was no independent motive for the secondary crime; rather, the objective was to accomplish or complete the primary one." *Rienks,* 46 Wn. App. at 544.

Boze argues that because his deliveries of cocaine were made to the same undercover agent and at the same location, they were the same criminal conduct. Under the foregoing analysis, however, we must inquire whether there was an independent motive for each crime, or in the alternative, whether the objective of one of the crimes was to accomplish or complete the other. Here, each sale of cocaine was independently accomplished upon its own completion. The facts indicate that these were random crimes, committed as the opportunities arose. Thus, the offenses did not encompass the same criminal conduct and properly were considered as part of Boze's criminal history. *State v. Calloway,* 42 Wn. App. at 424.

We are also asked to hold that it was error for the sentencing judge to refuse to consider Boze for the first time offender option without giving reasons for that refusal on the record. We conclude that there was no error.

Boze argues that because he fits the definition of a first

time offender, RCW 9.94A.030(15), he had a right to be considered for that option pursuant to RCW 9.94A.120(5). That statute provides, in pertinent part:

> In sentencing a first–time offender . . . the court may waive the imposition of a sentence within the sentence range and impose a sentence which may include up to ninety days of confinement . . .

In *State v. Welty*, 44 Wn. App. 281, 726 P.2d 472, *review denied*, 107 Wn.2d 1002 (1986), this court stated:

> [T]he sentencing reform act permits judges to treat multiple offenders as first time offenders if they are proper candidates for rehabilitation and otherwise meet the criteria of RCW 9.94A.030(12). Qualifications for rehabilitation must necessarily be determined on a case–by–case basis, in the sound discretion of the sentencing court.
>
> It should also be noted that a sentencing court is permitted, not required, to utilize this option. RCW 9.94A.-120(5). Here, again, the Legislature invested sentencing courts with discretion.

*Welty*, 44 Wn. App. at 284.

■ In *Welty*, we held that the fact that a defendant is simultaneously convicted of multiple felonies does not prevent the trial court from exercising its discretion to sentence him as a first time offender. Here, we conclude that the sentencing court has just as much discretion to refuse to exercise this option. In view of this very broad discretion, we decline to require that the sentencing judge consider the defendant's rehabilitative potential on the record.

The sentence is affirmed.

PETRICH and ALEXANDER, JJ., concur.