[No. 20288–0–I.   Division One.   March 20, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. BRUCE CLAYTON BURNS, *Appellant.*

*Dennis Benjamin* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Al Shabino, Deputy,* for respondent.

GROSSE, J.—Bruce Clayton Burns appeals his conviction on two counts of violating the Uniform Controlled Substances Act, RCW 69.50.401. The issues in this case involve an evidentiary ruling and interpretation of the Sentencing Reform Act of 1981 relating to the calculation of Burns' standard sentence range.

On August 21, 1986, an undercover Seattle police officer and his partner orchestrated a cocaine "buy" with Mason. They arranged to meet at Gasworks Park. At the park, Mason told the officer the cocaine would be delivered to him by a person in a white van. After the van arrived, the officer and his partner were approached by Ellingson. Ellingson made a couple of trips back to the van. The appellant, Bruce Burns, was in the van. On one of Ellingson's trips to the van, the officer saw Burns hand something to Ellingson. Immediately thereafter, Ellingson walked to where the officer was standing, carrying with him the

agreed upon amount of cocaine. Ellingson and Burns were arrested. A subsequent search of the van found other "baggies" of cocaine. Burns was charged with one count of delivery of cocaine and one count of possession of cocaine with the intent to deliver. Burns was found guilty of both counts by a jury. He was sentenced to two concurrent terms of 25 months of confinement.

At trial, the court allowed the State to present rebuttal evidence by Detective Still regarding the value of the cocaine found in the van. The purpose of this testimony was to show that the cocaine was of sufficient quantity and worth to indicate an intent to deliver to others, not just for personal use or for only this one sale. Burns appeals the trial court's admission of the rebuttal evidence.

The well established rule as to rebuttal evidence is contained in *State v. White,* 74 Wn.2d 386, 394–95, 444 P.2d 661 (1968). Rebuttal evidence is admitted to allow a plaintiff to answer new matter presented by the defendant. Genuine rebuttal evidence is not simply a reiteration of evidence in chief, but consists of evidence offered in reply to new matters. Because reply or rebuttal evidence tends to overlap with evidence presented in the case in chief, and may even be cumulative in part, the decision with regard to the admissibility of rebuttal evidence rests largely on the discretion of the trial court. Any error in denying or allowing the evidence can be predicated only upon a manifest abuse of discretion. *White,* at 395.

A review of the record in the case before us shows that the rebuttal evidence here was allowed in error. The evidence was not in reply to anything new brought up by the defense. However, on the facts presented here, the error was harmless. The admission of improper collateral evidence or rebuttal testimony is harmless if this court concludes that it did not affect the outcome. *State v. Allen,* 50 Wn. App. 412, 423, 749 P.2d 702, *review denied,* 110 Wn.2d 1024 (1988). After reviewing the evidence presented at trial, we conclude that the admission of the rebuttal testimony did not affect the verdict.

The second question this court must answer is whether Burns' offender score was correctly determined by the trial court. Burns argues that a 1979 conviction for possession of a stolen credit card was improperly used in calculating his offender score. He also contends the delivery (count 1) and the possession with intent to deliver (count 2) encompass the "same criminal conduct" and are therefore counted as a single crime in computing criminal history.

In 1979 Burns was convicted of possessing a stolen credit card. He claims that this conviction was improperly included in the calculation of his offender score.[1] While the original "Sentencing Guidelines Scoring Form" included this offense, a closer look at the record shows that the previous felony conviction was *not* considered when computing Burns' score. The State conceded this conviction "washed out" and was not to be included in Burns' offender score. The actual score considered was two: one for each count of the current offenses. Further, "Appendix B to Plea Agreement" shows the prosecutor's understanding of Burns' criminal history, and indicates that this previous conviction would not be counted toward his offender score.

Burns also contends that under former RCW 9.94A-.400(1)(a), which applied to his sentence, the two current offenses encompassed the same criminal conduct and should have been counted as only one crime. Former RCW 9.94A.400(1)(a) provided:

> [W]henever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score: Provided, That *if the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime.*

---

[1] Burns contends that his 1979 conviction "washed out" under the provision of RCW 9.94A.360(2).

(Italics ours.) Laws of 1986, ch. 257, § 28 (effective July 1, 1986). Burns contends that both counts, for which he was convicted, manifest the same criminal intent and therefore those offenses should be counted as one crime instead of separate offenses.

*State v. Dunaway,* 109 Wn.2d 207, 743 P.2d 1237, 749 P.2d 160 (1987), provides the test:

> Therefore, in deciding if crimes encompassed the same criminal conduct, trial courts should focus on the extent to which the criminal intent, as objectively viewed, changed from one crime to the next. As it did in [*State v. Edwards,* 45 Wn. App. 378, 725 P.2d 442 (1986),] part of this analysis will often include the related issues of whether one crime furthered the other and if the time and place of the two crimes remained the same.

*Dunaway,* at 215.

In the case at bar, viewing the facts objectively, the criminal intent for each count was not the same, as claimed by Burns. The "same course of conduct" exception was meant to apply to situations where there is only one criminal purpose or motive. Here, as in *State v. Boze,* 47 Wn. App. 477, 735 P.2d 696 (1987), the criminal objective of each crime was realized independently of the other. When Burns delivered he committed one crime, but he still had in his possession a significant amount of cocaine which he intended to sell to others. The delivery did not further his intent to sell the remaining cocaine. Had Burns possessed only the cocaine delivered there is no question but that the objective would be the same, as one must be in possession in order to deliver. Where, as in this case, the evidence shows possession of a quantity greater than that delivered, that same evidence indicates an independent objective to make other deliveries. Under these circumstances, despite their contemporaneity, the crimes did not encompass the same criminal conduct.

854

The decision of the trial court is affirmed.

COLEMAN, C.J., and SCHOLFIELD, J., concur.

Review granted at 112 Wn.2d 1022 (1989).