[No. 56085-4.   En Banc.   March 15, 1990.]

THE STATE OF WASHINGTON, *Respondent*, v. BRUCE CLAYTON BURNS, *Petitioner*.

---

*Dennis Benjamin* of *Washington Appellate Defender Association,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Allen N. Shabino, Deputy,* for respondent.

DOLLIVER, J.—On August 21, 1986, an undercover police officer, Mario Navarrete, made plans to purchase cocaine from Matthew Mason. Through a series of negotiations that day, the two agreed to meet at Gasworks Park in Seattle that afternoon. When Navarrete arrived at the park where Mason was waiting for him, Mason told him someone would be by in a white van to deliver the cocaine shortly. When the van arrived, it pulled into the parking lot. A man, later identified as Ervin Ellingson, got out and approached

Navarrete and Mason. After discussing the transaction, Ellingson indicated the person in the van who was in charge of the transaction did not want either Navarrete or Mason to come over to the van.

Ellingson then went back to the van to get the cocaine Navarrete wanted to purchase. Navarrete testified he saw defendant Bruce Burns kneeling in the back of the van. At the same time, Navarrete saw Burns hand something small to Ellingson. Although Navarrete was unsure what Burns handed Ellingson, he testified Ellingson immediately came back toward him with a quantity of cocaine in a plastic bag. Ellingson was immediately arrested by another officer at the scene. Navarrete went to the van and arrested Burns, who was still kneeling in the back of the van.

The van was impounded and, pursuant to a warrant, Navarrete searched it the next day at police headquarters. During the search, several little plastic bags inside a black vinyl case, each containing a small quantity of cocaine, were uncovered. Burns' wallet was found lying on top of the black vinyl case.

Burns was charged with two counts under RCW 69.50-.401(a), one for delivery of a controlled substance, and the other for possession with the intent to deliver. Throughout his trial, Burns denied any knowledge of a drug transaction taking place on the day he was arrested. At sentencing, defense counsel argued the two violations manifested the same criminal intent and therefore should be counted as one crime instead of two for purposes of calculating Burns' offender score. However, the trial court held the two offenses encompassed "separate subjective criminal intents", and consequently assigned Burns an offender score of 2. This resulted in a sentence range of 21 to 27 months.

The Court of Appeals affirmed the trial court's ruling. *State v. Burns*, 53 Wn. App. 849, 770 P.2d 1054 (1989). Burns appeals the calculation of his offender score to this court. We affirm.

■ On matters within the Washington Sentencing Reform Act of 1981 (SRA), an appellate court will not reverse the decision of a trial court within that court's discretion unless it finds a clear abuse of discretion or misapplication of the law. *State v. Collicott,* 112 Wn.2d 399, 404–05, 771 P.2d 1137 (1989). Similar deference will be given to the trial court's determination of what constitutes the same criminal conduct when assessing the appropriate offender score. *Collicott,* at 405.

RCW 69.50.401(a) of the Uniform Controlled Substances Act provides:

> Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance.

Former RCW 9.94A.400(1)(a) of the SRA, in effect when Burns was sentenced, provides:

> [W]henever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score: *Provided,* That if the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime.

*See* Laws of 1986, ch. 257, § 28, at p. 937 (effective July 1, 1986).

Defendant Burns alleges both the trial court and the Court of Appeals erred in concluding his two violations of RCW 69.50.401(a) encompassed separate criminal conduct. He argues his criminal objective under both counts was the same; namely, to sell cocaine. In order to sell cocaine, he argues, he necessarily had also to possess it. Therefore, the two crimes represent only one instance of criminal conduct. The fact some cocaine was sold to Navarrete while some remained in the van afterward should have no effect on his overall intent to sell all the cocaine in his possession. Burns concludes possession and delivery under RCW 69.50.401(a) are so intimately related as to encompass the same criminal conduct.

When the trial court sentenced Burns, the leading case in Washington interpreting former RCW 9.94A.400(1)(a) was *State v. Edwards,* 45 Wn. App. 378, 725 P.2d 442 (1986), *overruled on other grounds in State v. Dunaway,* 109 Wn.2d 207, 215, 743 P.2d 1237, 749 P.2d 160 (1987). The defendant in *Edwards* kidnapped a woman and later assaulted a paramedic by wielding a gun at him when he attempted to rescue the woman. *Edwards,* at 379. The defendant was charged with kidnapping and assault, both in the second degree. *Edwards,* at 379. The trial court ruled the two felonies did not encompass the same criminal conduct under RCW 9.94A.400(1)(a), thereby assigning an offender score of 2. *Edwards,* at 379. In reversing the trial court's ruling, the Court of Appeals applied an objective test to determine whether multiple crimes encompass the same criminal conduct. The test takes into consideration how intimately related the crimes committed are, and whether, between the crimes charged, there was any substantial change in the nature of the criminal objective. *Edwards,* at 382. Also relevant is whether one crime furthered the other. *Edwards,* at 382. In applying this test, the court held the kidnapping was intimately related to the assault and that there was no substantial change in the nature of the defendant's criminal objective since the kidnapping was still in progress when defendant assaulted the paramedic. *Edwards,* at 382.

In the case before us, the trial court found Burns' violations of RCW 69.50.401(a) constituted "separate subjective criminal intents". In so holding, the trial court first concluded the sale to Navarrete encompassed one act of criminal intent which was completed when Navarrete bought the cocaine. Second, the trial court found the cocaine which remained in Burns' possession after the sale to Navarrete manifested a separate instance of criminal intent to deliver cocaine in the future. The only relationship between the two crimes committed, the trial court concluded, was that the total cocaine Burns possessed was all located in the van at the same time. The trial court did not believe this alone

affected the fact possession and delivery encompassed two separate instances of criminal conduct.

The trial court stated Burns' crimes constituted "separate *subjective* criminal intents". (Italics ours.) While this language is not consistent with the objective test established in *Edwards,* the remainder of the trial court's reasoning is correct.

■ After Burns was sentenced and prior to the Court of Appeals decision affirming the trial court, we decided *State v. Dunaway, supra,* in which we affirmed the objective test from *Edwards*:

> [I]n deciding if crimes encompassed the same criminal conduct, trial courts should focus on the extent to which the criminal intent, as objectively viewed, changed from one crime to the next. As it did in *Edwards,* part of this analysis will often include the related issues of whether one crime furthered the other and if the time and place of the two crimes remained the same.

*Dunaway,* at 215.

The Court of Appeals, in applying *Dunaway,* concluded the two crimes were contemporaneous, but found the additional amount of cocaine in Burns' possession indicative of an independent objective to make other deliveries in the future. In the words of the Court of Appeals:

> In the case at bar, viewing the facts objectively, the criminal intent for each count was not the same, as claimed by Burns. The "same course of conduct" exception was meant to apply to situations where there is only one criminal purpose or motive. Here, as in *State v. Boze,* 47 Wn. App. 477, 735 P.2d 696 (1987), the criminal objective of each crime was realized independently of the other. When Burns delivered he committed one crime, but he still had in his possession a significant amount of cocaine which he intended to sell to others. The delivery did not further his intent to sell the remaining cocaine. Had Burns possessed only the cocaine delivered there is no question but that the objective would be the same, as one must be in possession in order to deliver. Where, as in this case, the evidence shows possession of a quantity greater than that delivered, that same evidence indicates an independent objective to make other deliveries. Under these circumstances, despite their contemporaneity, the crimes did not encompass the same criminal conduct.

*State v. Burns, supra* at 853. We concur with this view. Even though the use of the term "subjective" was erroneous, since its reasoning was correct, we hold the trial court did not abuse its discretion in finding Burns' convictions encompassed separate instances of criminal conduct.

Affirmed.

CALLOW, C.J., UTTER, BRACHTENBACH, DORE, ANDERSEN, DURHAM, and SMITH, JJ., and McINTURFF, J. Pro Tem., concur.