FILED
COURT OF APPEALS
DIVISION II

2013 DEC 17 AM 8: 49

STATE OF WASHINGTON
BY_____
DEPUTY

## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 42912-8-II |
| Respondent, | |
| v. | |
| RONALD DELESTER BURKE, | UNPUBLISHED OPINION |
| Appellant. | |

PENOYAR, J. — Ronald Burke appeals his convictions for attempted second degree rape and second degree assault, arguing that the convictions should have merged and that his counsel was ineffective for failing to argue same criminal conduct at sentencing. The attempted rape and the assault had independent criminal purposes; therefore, merger does not apply. Additionally, under these facts, the crimes are not the same criminal conduct and counsel was not ineffective for failing to make that argument at sentencing. We affirm.

## FACTS

A.H. approached Burke around midnight on October 20, 2010, looking for a place to stay the night. Burke and A.H. began walking together, eventually entering an alley so Burke could retrieve something from his car. Once they were in the alley, Burke grabbed A.H. by her hair and threw her to the ground, placing his knee on her stomach to hold her down. Burke forced A.H. to take off her pants and then attempted to sexually assault her. A.H. began screaming, and Burke grabbed and cut her tongue with his nails, slammed her head into the ground, and choked her.

A neighbor heard A.H.'s screams and drove to the alley. When he entered the alley, he saw Burke on top of a struggling, half-dressed woman. The neighbor reversed out of the alley and called 911.

The neighbor's car startled Burke, and A.H. was able to escape. She ran to another alley, near an apartment with lights on, and yelled for help. Burke followed A.H. and kicked her legs out from under her. He then tried to convince A.H. to collect her clothes from the first alley. When she refused, he pinned her down again and choked her. Police arrived and found Burke kneeling over A.H. They also found blood and A.H.'s pants, shoes, coat, and purse about 250 feet away from Burke and A.H. Police arrested Burke at the scene.

The State charged Burke with second degree rape and second degree assault. The jury found him guilty of attempted second degree rape and second degree assault. Using an offender score of four, the trial court sentenced Burke to a total confinement of 96 months to life. Burke appeals.

## ANALYSIS

### I. DOUBLE JEOPARDY

Burke first argues that his convictions for both attempted rape and assault violated double jeopardy because the assault should have merged with the attempted rape. The crimes do not merge here where there were two assaults, the second of which had a purpose independent of the rape.

We review an alleged double jeopardy violation de novo. *State v. Freeman*, 153 Wn.2d 765, 770, 108 P.3d 753 (2005). State and federal constitutional double jeopardy protections prohibit multiple punishments for the same offense. *State v. Kier*, 164 Wn.2d 798, 803, 194 P.3d

212 (2008); WASH. CONST. art. I, § 9; U.S. CONST. amend V. Double jeopardy is not offended if the legislature authorized cumulative punishments for both crimes. *Freeman*, 153 Wn.2d at 771.

We use a three-part test for double jeopardy claims. *Freeman*, 153 Wn.2d at 771-72. First, we consider express or implicit legislative intent based on the criminal statutes at issue. *Kier*, 164 Wn.2d at 804. Second, if legislative intent is unclear, we turn to the *Blockburger*[1] "same evidence" test, which asks if the crimes are the same in law and fact. *Kier*, 164 Wn.2d at 804. Third, we use the merger doctrine if applicable. *Kier*, 164 Wn.2d at 804. Under the merger doctrine, where one offense is raised in degree by conduct separately criminalized by the legislature, we presume the legislature intended to punish both offenses through a greater sentence for the greater crime. *Freeman*, 153 Wn.2d at 772-73. But, even if two convictions appear to merge on an abstract level, they may still be punished separately if there is an independent purpose or effect for each. *Freeman*, 153 Wn.2d at 773.

Here, the relevant statutes do not explicitly authorize separate punishments and neither party argues that they do. *See* RCW 9A.44.050(1)(a); RCW 9A.36.021(1)(g). Additionally, the crimes are not the same under the *Blockburger* same evidence test. "If there is an element in each offense which is not included in the other, and proof of one offense would not necessarily also prove the other, the offenses are not constitutionally the same and the double jeopardy clause does not prevent convictions for both offenses." *State v. Vladovic*, 99 Wn.2d 413, 423, 662 P.2d 853 (1983). Here, the second degree rape statute requires sexual intercourse by forcible compulsion. RCW 9A.44.050(1)(a). The second degree assault statute Burke was charged under requires an assault by strangulation. RCW 9A.36.021(1)(g). Each offense includes an element that is not required in the other—sexual intercourse is not an element of assault and strangulation

---

[1] *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932).

is not a necessary element of rape. Accordingly, we turn to the merger doctrine to determine whether Burke's convictions violated double jeopardy.

> [T]he merger doctrine is a rule of statutory construction [that] only applies where the Legislature has clearly indicated that in order to prove a particular degree of crime (e.g., first degree rape) the State must prove not only that a defendant committed that crime (e.g., rape) but that the crime was accompanied by an act which is defined as a crime elsewhere in the criminal statutes (e.g., assault or kidnapping).

*Vladovic*, 99 Wn.2d at 420-21. Burke argues that the second degree assault was used to satisfy the forcible compulsion element of the attempted second degree rape. Because the facts show that there were two assaults and the second assault had an independent purpose other than furthering the attempted rape, the second assault may be punished separately.

Burke twice choked A.H.—once during the attempted rape and once after A.H. briefly escaped and began yelling for help. The purpose of the second assault was to quiet A.H. and not to further the attempted rape. The second assault occurred after A.H. had escaped from the attempted rape and while she was yelling for help. Burke caught up with her and tried to convince her to go back and collect her clothes. When she would not comply, he began choking her. Burke did not attempt to rape her during this second assault. The second assault had a purpose independent of the attempted rape; therefore, the crimes do not merge.

II.    INEFFECTIVE ASSISTANCE

Burke next argues that his counsel was ineffective for not arguing at sentencing that the attempted rape and second degree assault were the same criminal conduct. Because Burke's criminal objective changed between the two crimes, the trial court would not have found that they were the same criminal conduct and counsel was not ineffective for failing to argue same criminal conduct at sentencing.

4

At sentencing, a defendant's current offenses shall be counted as one crime if the court finds that the offenses encompass the same criminal conduct. RCW 9.94A.589(1)(a). "Same criminal conduct" is defined as crimes that (1) require the same criminal intent, (2) are committed at the same time and place, and (3) involve the same victim. RCW 9.94A.589(1)(a). In determining whether multiple crimes constitute the same criminal conduct, courts consider how related the crimes are, whether the nature of defendant's criminal objective changed between the crimes, and whether one crime furthered another. *State v. Burns*, 114 Wn.2d 314, 318, 788 P.2d 531 (1990).

Under the *Strickland*[2] test, the defendant must show that counsel's performance was deficient and that this deficient performance prejudiced him. *State v. Thomas*, 109 Wn.2d 222, 225-26, 743 P.2d 816 (1987). Performance is deficient only if it "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Deficient performance is prejudicial only if the defendant shows that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Thomas*, 109 Wn.2d at 226 (quoting *Strickland*, 466 U.S. at 694).

Burke fails to prove ineffective assistance of counsel because he cannot show prejudice. Even if counsel had argued that the attempted rape and assault were the same criminal conduct, this argument would not have been successful. Although the attempted rape and assault involved the same victim, there was a gap in time between the two crimes and Burke's criminal objective changed between the two crimes. His objective during the first assault and attempted rape was to rape A.H. The attempted rape ended when A.H. broke free and ran to another alley. Burke then

---

[2] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

formed a new objective—quieting A.H.—during the second assault. Additionally, the second assault did not further the attempted rape, which was completed before the second assault occurred. Therefore, the trial court would not have found that the attempted rape and assault were the same criminal conduct and counsel was not ineffective for failing to argue that they were.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Penoyar, J.

We concur:

Maxa, J.

Spearman, J.