

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JESUS GALVAN and JOSEFINA GALVAN, husband and wife, | ) ) ) | No. 34825-3-III |
| Respondents, | ) ) | |
| v. | ) ) | |
| | ) | UNPUBLISHED OPINION |
| MIGUEL GALVAN and MARIA T. GALVAN, husband and wife, | ) ) ) | |
| Appellants. | ) ) | |

KORSMO, J. — Appellants Miguel and Maria Galvan appeal from a judgment

entered after a bench trial that directed the appellants to execute a deed giving an

undivided 50 percent interest in 21 acres of Chelan County property the couple had

purchased to respondents Jesus and Josephina Galvan.[1] Because the record prevents this

court from considering appellants' claims, we affirm.

## FACTS

The two couples orally agreed in 1989 to jointly purchase the property from Erma

Anderson for the sum of $14,862.24. Respondents would give their share of the

---

[1] Because the parties, who are siblings, share the same surname, we will primarily reference them by the designations of "appellants" and "respondents" in order to avoid confusion.

payment, typically in cash, but sometimes by check, to appellants, who would then make the payment to Ms. Anderson. This arrangement continued until March 1, 1994, when appellants declined to accept a $100.00 payment from respondents. The following year, Ms. Anderson deeded the property to appellants.

The appellants lived on the property. In 2005, respondents learned that their names were not on the deed and that appellants refused to add their names or return the payments they had contributed. Respondents then filed a lien against the land. In 2009, respondents filed this action to quiet title and receive a deed recognizing their half interest in the property. The complaint was amended to add claims of breach of contract, unjust enrichment, and conversion. Respondents filed an answer, but did not raise any affirmative defenses.

The case ultimately proceeded to bench trial. Although respondents were represented by counsel, appellants were not. Both couples testified in their own behalf, and three other members of the Galvan family testified for the respondents. The trial court found that the couples had entered into an oral agreement in 1989 and that respondents had made substantial payments to appellants. The court also determined that while appellants had paid the property taxes over the years, they had not paid rent to the respondents.

Based on those findings, the court ordered that the parties would each have equal 50 percent ownership, imposed a constructive trust, and directed that a deed reflecting the 50 percent interests should be executed. Miguel and Maria Galvan, now represented by counsel, then timely appealed to this court. A panel considered the matter without hearing oral argument.

## ANALYSIS

Appellants present two issues for this court. First, they contend that the trial court's factual findings are not supported by the record. Second, they contend that this action was barred by the statute of limitations. Unfortunately for them, these claims are waived.

### Factual Findings

Although they challenge the sufficiency of the evidence to support the trial court's findings, appellants have not presented a verbatim report of the trial proceedings. We, thus, have no basis for considering this claim.

Normally, this court reviews the trial court's decision following a bench trial to determine whether the findings are supported by substantial evidence and whether those findings support the conclusions of law. *Dorsey v. King County*, 51 Wn. App. 664, 668-669, 754 P.2d 1255 (1988). Substantial evidence exists if the evidence is sufficient to persuade a fair-minded rational person of the truth of the evidence. *In re Estate of Jones*, 152 Wn.2d 1, 8, 93 P.3d 147 (2004). Appellate courts do not find facts and cannot

substitute their view of the facts in the record for those of the trial judge. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 575, 343 P.2d 183 (1959). Accordingly, the presence of conflicting evidence does not prevent evidence from being "substantial." *E.g.*, *Merriman v. Cokeley*, 168 Wn.2d 627, 631, 230 P.3d 162 (2010).

Unfortunately, the record of this appeal does not reflect the evidence the trial court considered. It is the burden of the party presenting an issue to ensure that the record is adequate for review. *State v. Rienks*, 46 Wn. App. 537, 544-545, 731 P.2d 1116 (1987). Here that failure falls on the appellants' shoulders. We cannot review the adequacy of the evidence to support the findings since the record has not been supplied to us.

Accordingly, the factual findings are verities in this appeal. The two brothers and their spouses did agree to jointly purchase the property and the respondents did make their payments to the appellants. On this record, we have no basis for concluding otherwise. This argument is waived.

*Statute of Limitations*

Appellants also contend that the respondents brought their argument in an untimely manner, contending that the respondents were on notice in 1994 due to the occasion when appellants refused to accept payment from them. This argument was not presented to the trial court and also is one we lack an appropriate record to consider in this appeal.

A statute of limitations is designed to protect individuals and courts from stale claims. *Burns v. McClinton*, 135 Wn. App. 285, 293, 143 P.3d 630 (2006). Typically, a statute of limitations is an affirmative defense that must be argued in the trial court in order to preserve the issue for appeal. CR 8(c); RAP 2.5(a); *Harting v. Barton*, 101 Wn. App. 954, 962, 6 P.3d 91 (2000). The statute of limitations, as an affirmative defense, is a matter on which the defendant bears the burden of proof. *Haslund v. City of Seattle*, 86 Wn.2d 607, 620-621, 547 P.2d 1221 (1976). Whether a case was filed within the statute of limitations period is normally a question of law to be determined by a judge. *Rivas v. Overlake Hosp. Med. Ctr.*, 164 Wn.2d 261, 267, 189 P.3d 753 (2008). The statute of limitations on a constructive trust begins to run when the beneficiary of the trust discovers, or should have discovered, the other party's breach. *Arneman v. Arneman*, 43 Wn.2d 787, 797, 264 P.2d 256 (1953).

Here, the lack of a record again is critical. Nothing in the record we do have in this appeal suggests that the statute of limitations claim was presented to the trial court. It was not included in the answer to the complaint. There is no indication that the parties developed the necessary facts in the record that would have allowed the trial judge to assess the contention. Whether appellants would have prevailed on this claim is one we cannot know since they did not ask the trial court to rule on the issue at a time in which both parties could have marshalled their evidence and make appropriate arguments.

No. 34825-3-III
*Galvan, et ux v. Galvan, et ux*

Having failed to raise this issue in the trial court, appellants have not preserved the issue for our consideration. *Harting*, 101 Wn. App. at 962.

The judgment is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, J.

_____
Siddoway, J.