IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 37353-3-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COURTNEY BRYCE PROSSER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, A.C.J. — Courtney Prosser appeals from convictions for first degree

robbery while armed with a deadly weapon, possession of a stolen motor vehicle, and

possession of a controlled substance. We affirm the convictions and remand to strike the

$100 crime laboratory fee.

FACTS

The charges arose from a robbery at the Gee Creek Rest Area on Interstate 5.

Anthony Cavallo was returning to his car when Prosser confronted him with a black knife

and a dark object believed to be a gun and demanded his wallet. Cavallo put his phone

on the roof of his car and pulled $30 out of his pocket. Prosser declined the cash and

demanded the wallet. Cavallo's children fled from the car yelling for help. Prosser

grabbed the cell phone and departed.

Prosser got in a silver-grey Mercedes and drove north on I-5. Cavallo followed him and used his work phone to summon aid. Officer Greg McDonald of the La Center Police Department spotted the Mercedes and saw that the driver matched the identity of the robbery suspect. He followed the vehicle into La Center and stopped the Mercedes in a bank parking lot. Two children were inside.

Police arrested Prosser after Cavallo drove to the scene and identified Prosser as the robber. A glass pipe containing methamphetamine residue was found in the pocket of the six-year-old passenger. Prosser's twelve-year-old son had a folding knife in his pocket; that child also turned over Cavallo's cell phone to the police. Officers also determined that the Mercedes was stolen and obtained a warrant to search the vehicle.

Prior to trial, Prosser moved to suppress evidence, including multiple cell phones, recovered from the vehicle. After conducting a hearing, the court denied the motion on two grounds: (1) Prosser lacked standing to challenge the search of the stolen car, and (2) the warrant was valid.

At trial, Cavallo described the robbery and pursuit. However, he did not recognize Prosser as the robber. A detective testified that Prosser was wearing a beard at trial, but had been clean-shaven on the day of the robbery when Cavallo had identified him as the robber. Cavallo testified that he was "not 100%" sure that the dark objects held by the robber were a knife or gun. An investigator later testified that during the defense interview, Cavallo was "98% sure" the robber held a knife.

The jury convicted Prosser of the three charged offenses. He timely appealed the judgment and sentence to Division Two. That court administratively transferred the case to Division Three. A panel then considered the appeal without hearing argument.

ANALYSIS

This appeal raises multiple challenges to the sufficiency of the evidence and to the suppression hearing ruling, as well as raising challenges to the parking lot identification and the imposition of the crime laboratory fee. The State concedes the latter issue. We accept the concession and remand for the trial court to strike the fee from the judgment.

We consider, in order, the sufficiency of the evidence challenges, the suppression hearing ruling, and the parking lot identification.

*Sufficiency of the Evidence*

Mr. Prosser challenges the proof of his identity as the robber as well as the evidence supporting the deadly weapon finding. Properly construed, the evidence permitted the jury to make both findings.

We review this challenge in accordance with well-settled standards. Evidence is sufficient to support a verdict if the trier-of-fact has a factual basis for finding each element of the offense proved beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Green*, 94 Wn.2d 216, 221-222, 616 P.2d 628 (1980). The evidence is viewed in the light most favorable to the prosecution. *Green*, 94 Wn.2d at 221. Appellate courts defer to the trier-of-fact on

3

issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

The evidence permitted the jury to conclude that Prosser was the robber. The victim followed the car and identified Prosser shortly after the robbery. The detective who heard the identification also explained how Prosser looked different at the time of trial. In addition, the victim's cell phone was recovered from the vehicle Prosser was driving. There was no in-court positive identification of the defendant by the victim, but the evidence nonetheless was sufficient to tie the Courtney Prosser who was standing trial to the man who robbed Mr. Cavallo. Viewing the evidence favorably to the State, the jury could conclude that the identification of the robber at the time of the crime was accurate. Coupled with the stolen cell phone being recovered from the car, the evidence was sufficient.

Mr. Prosser also argues that the evidence did not show that the robbery was committed with the knife recovered from the older child. The victim testified that the robber had a knife, but in cross-examination and during the defense interview, was either "not 100%" or only "98%" certain about the knife. In addition, the victim's stolen cell phone was recovered from the same child who had a black folding knife in his pocket. The jury was free to infer that the father gave both items to the son, leading to the conclusion that the knife was used in the robbery that netted the cell phone. The presence of the knife with the phone corroborated the victim's testimony that a knife had been

used to commit the robbery. Again, the evidence was sufficient to support the jury's verdict.

The evidence was sufficient both to identify Mr. Prosser as the perpetrator and to determine that he used a deadly weapon while committing the crime.

*Suppression Hearing*

Mr. Prosser next challenges the trial court's rejection of his suppression motion, claiming both that he had standing to challenge the search warrant and that it was insufficient. However, neither the search warrant nor the affidavit in support of the warrant are in the record of this appeal. Even if we assume that Mr. Prosser had standing, there is no basis for considering his challenge.

It is apparent that the trial court had a copy of the warrant and supporting affidavit before it when entertaining the motion. Both parties also referenced the documents in their trial court briefing. Yet, those documents apparently did not make it into the trial court's record.[1]

It is the burden of the party presenting an issue to ensure that the record is adequate for review. *State v. Rienks*, 46 Wn. App. 537, 544-545, 731 P.2d 1116 (1987). An appellate court's options in this situation were once described:

---

[1] Respondent indicated in its brief that it also scoured the trial record in order to designate the documents for appeal, but was unable to locate them.

> Although [the] court may seek to supplement the record on its own initiative when appropriate, [it] may instead decline to address a claimed error when faced with a material omission in the record . . . or [it] may simply affirm the challenged decision if the incomplete record before [it] is sufficient to support the decision . . . or at least fails to affirmatively establish an abuse of discretion.

*State v. Sisouvanh*, 175 Wn.2d 607, 619, 290 P.3d 942 (2012) (citations and internal quotation marks omitted).

When an appellant raises an issue on appeal that is not supported by the record, we typically conclude that the appropriate remedy is to file a personal restraint petition (PRP) supported by available evidence establishing the claim. *E.g.*, *State v. McFarland*, 127 Wn.2d 322, 338 n.5, 899 P.2d 1251 (1995); *State v. Norman*, 61 Wn. App. 16, 27-28, 808 P.2d 1159 (1991). Rather than summarily reject Mr. Prosser's argument, we simply decline to address it since the necessary record is not before us. Should Mr. Prosser obtain a copy of the documents, he is free to timely file a PRP raising the issue.

*Identification Procedure*

Lastly, Mr. Prosser claims that the court erred in admitting the identification made following the vehicle stop, arguing now that it was the product of an unnecessarily suggestive procedure. He did not object to the evidence at trial and did not seek to suppress the evidence on that basis. We decline to consider the contention.

An appellate court need not consider an issue raised for the first time on appeal when the record does not contain sufficient facts to resolve the claim. RAP 2.5(a); *McFarland*, 127 Wn.2d at 334. The admission of testimonial evidence normally does not

6

present an issue that can be considered absent objection in the trial court. *E.g.*, *State v. Ramirez*, 5 Wn. App. 2d 118, 130, 425 P.3d 534 (2018). In addition, questions of suggestive identification do not necessarily present an issue of manifest constitutional magnitude that an appellate court is permitted to entertain for the first time on appeal. *Id.* at 130-135.[2]

Here, the failure to raise this claim in superior court left an undeveloped record. The State had no opportunity to present its evidence concerning the identification process and the trial court had no opportunity to make factual findings. This argument is not one we are in a position to review. *McFarland*, 127 Wn.2d at 334.

Affirmed and remanded.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, A.C.J.

WE CONCUR:

_____          _____
Lawrence-Berrey, J.                                  Siddoway, J.

---

[2] With the victim essentially following the perpetrator until he was apprehended by police, we question whether this fact pattern even implicates a suggestive identification procedure.