[No. 7090–5–III. Division Three. February 27, 1986.]

THE STATE OF WASHINGTON, *Respondent,* v. ROLAND ANDREWS, *Appellant.*

*Katherine Steele Knox,* for appellant (appointed counsel for appeal).

*C. J. Rabideau, Prosecuting Attorney,* and *Philip A. Meyers, Deputy,* for respondent.

PER CURIAM.—This appeal from an adult sentencing came before a panel of judges pursuant to a motion to modify a commissioner's ruling. RAP 17.7. We agree with the ruling and deny the motion to modify. However, because the case appears to have precedential value, we

adopt the commissioner's ruling, as edited for publication, as our opinion.

Roland Andrews is a multiple offender. Not including a conviction for uttering a forged prescription, which is not at issue, Mr. Andrews' criminal background began with his first felony convictions in March and June of 1970 for first degree forgeries. Upon successful completion of probation, those matters were eventually dismissed.[1] In July 1975, he was convicted of unlawful delivery of a controlled substance with a similar conviction in March 1981 (two counts). He was paroled on the last two offenses on December 17, 1982.

On March 13, 1985, he pleaded guilty to yet another unlawful delivery offense. In calculating his criminal history to establish the presumptive sentencing range, the court struck the two forgeries, included the two previous delivery convictions and ordered his sentence of 34 months[2] to run consecutively to the previous delivery offenses.

Mr. Andrews contends the court erred in ordering consecutive service; the State contends the court erred in not including the forgeries in the criminal history.[3]

A threshold question is whether these matters should be addressed by motion pursuant to RAP 18.15 which pertains to accelerated review of adult sentences. Section (a) provides: "A sentence which is beyond the standard range may be reviewed in the manner provided in the rules for other decisions or by accelerated review as provided in this rule." Section (b) provides in part: "After the notice of appeal has been filed, any party may seek accelerated sentence review

---

[1] The record only shows that the March 1970 conviction had been dismissed pursuant to RCW 9.95.240, but the State concedes in its brief that both forgeries were similarly treated.

[2] The judgment and sentence impose a term of 34 months; the warrant of commitment reflects a sentence of 46 months. Everyone agrees the 34-month term was intended by the court.

[3] The State's cross appeal was severed by the commissioner's ruling and stayed pending resolution of Supreme Court cases. The State did not challenge the ruling.

and must do so by motion."

The State contends that since the sentence imposed falls within the presumptive range of 31 to 41 months, it cannot be appealed and cannot be reviewed on an accelerated docket. *See* RCW 9.94A.210.[4] Although that statute declares that sentences within the standard range "shall not be appealed", neither that section nor any other portion of the Sentencing Reform Act of 1981 (SRA) specifically announces that it supersedes RAP 2.2(a)(1) which allows appeal of a "final judgment entered in any action . . ." *See* RAP 1.1(h).[5] Additionally, RCW 9.94A.120(13) provides that a departure from the concurrent/consecutive sentencing standards of RCW 9.94A.400(1) and (2) is an exceptional sentence subject to appeal. The State's objection is not well taken because here, as in *State v. Harris*, 41 Wn. App. 561, 705 P.2d 280 (1985), the very issue on review is the determination and application of the appropriate standard. If Mr. Andrews is correct in arguing that the trial court incorrectly ordered consecutive sentencing, the sentence could be deemed outside the standard range, RCW 9.94A.120(13), and thus reviewable even as the State reads RCW 9.94A.210 and RAP 18.15. Finally, RAP 18.15 does not expressly limit accelerated review to exceptional sentences. *See also* RAP 18.12 (other matters may be accelerated). Thus, we reach the merits on the motion.

Mr. Andrews contends that ordering his current sentence to run consecutively to his sentences on the pre–SRA

---

[4]RCW 9.94A.210(1) provides in pertinent part: "A sentence within the standard range for the offense shall not be appealed."

[5]RAP 1.1(h) provides:

"If a statute in conflict with a rule is enacted after these rules become effective and that statute does not supersede the conflicting rule by direct reference to the rule by number, the rule applies unless the rule specifically indicates that statutes control. If a statute in conflict with a rule is enacted after these rules become effective and that statute does supersede the conflicting rule by direct reference to the rule by number, the statute applies until such time as the rule may be amended or changed by the Supreme Court through exercise of its rulemaking power."

deliveries (1) is a denial of equal protection and (2) results in a clearly excessive sentence.

He first argues that RCW 9.94A.400(2) and (3)[6] as applied by the sentencing court treat differently those convicted under pre–SRA statutes and those convicted under the present sentencing scheme. He contends the unconstitutional disparity in treatment occurs because a post–SRA defendant has no unexpired terms to serve; thus, a defendant with a pre–SRA conviction will always receive a longer term. His argument overlooks two salient points. First, not all post–SRA defendants will have served full terms prior to reentering society, *see, e.g.*, RCW 9.94A.120(5) (first-time offender); RCW 9.94A.120(7) (sex offender). Also, a defendant who commits an offense in jail or who escapes will be similarly treated. Thus, the treatment is not necessarily unequal. Secondly, the difference between defendants laboring under an unexpired felony sentence and those with expired felony terms is evident, and the reason for consecutive sentences compelling: Both must serve prior terms before the present sentence.

The trial court's assessment of the concurrent/consecutive service question is consistent with *In re Akridge*, 90 Wn.2d 350, 581 P.2d 1050 (1978), which held that a paroled felon is "under sentence of felony" for the purposes of RCW 9.92.080(1),[7] which is worded, for pertinent purposes,

---

[6]RCW 9.94A.400(2) and (3) provide:

"(2) Whenever a person while under sentence of felony commits another felony and is sentenced to another term of imprisonment, the latter term shall not begin until expiration of all prior terms.

"(3) Subject to subsections (1) and (2) of this section, whenever a person is sentenced for a felony that was committed while the person was not under sentence of a felony, the sentence shall run consecutively with felony sentences previously imposed by any court in this or another state or by a federal court, unless the court pronouncing the subsequent sentence expressly orders that they be served concurrently."

[7]RCW 9.92.080(1) provides:

"Whenever a person while under sentence of felony shall commit another felony and be sentenced to another term of imprisonment, such latter term shall not begin until the expiration of all prior terms: *Provided,* That any person granted

identically to RCW 9.94A.400(2). Indeed, since RCW 9.92-.080(1) applies to felonies committed prior to July 1, 1984, *see* RCW 9.92.900, and since the felonies for which Mr. Andrews was on parole occurred prior to that date, the sentencing court's decision is further supported. Finally, the decision is consistent with the SRA's obvious preference for consecutive sentences. *See* RCW 9.94A.400(3), (4). *See also* D. Boerner, *Sentencing in Washington* § 6.21 (1985). Therefore, the consecutive sentencing scheme is not facially invalid.

The next question is whether the consecutive sentences are clearly excessive, *i.e.,* invalid as applied to Mr. Andrews. As imposed, he must serve 30 months on the parole revocation for his pre–SRA offenses before beginning to serve the 34–month term on the post–SRA crime. Thus, he may be incarcerated, absent good time reduction, for at least 64 months. As indicated above, the total time is not imposed for solely the later offense. Rather, it is the combined total of confinement on an unexpired felony term, as well as the determinate sentence on the later offense.

The sentence imposed was the standard range sentence. Arguments about its excessiveness should be addressed to the Legislature. A decision to sentence according to the statute is not an abuse of sentencing discretion. *See State v. Stalker,* 42 Wn. App. 1, 707 P.2d 1371 (1985).

Finally Mr. Andrews contends the court erroneously felt bound to impose consecutive sentences under RCW 9.94A-.400(2) and did not consider the alternative arguably available under RCW 9.94A.120(13).[8] Although counsel urged concurrent sentencing by virtue of RCW 9.94A.400(3), by

---

probation pursuant to the provisions of RCW 9.95.210 and/or 9.92.060 shall not be considered to be under sentence of a felony for the purposes of this subsection."

[8]RCW 9.94A.120(13) provides:
"A departure from the standards in RCW 9.94A.400(1) and (2) governing whether sentences are to be served consecutively or concurrently is an exceptional sentence subject to the limitations in subsections (2) and (3) of this section, and may be appealed by the defendant or the state as set forth in RCW 9.94A.210(2) through (6)."

arguing Mr. Andrews was not "under sentence of felony", the specific application of RCW 9.94A.120(13) was not raised at trial and will not be considered on appeal.

The court did not err in imposing consecutive sentences. The motion to modify is denied.