[No. 17977–2–I. Division One. October 6, 1986.]

THE STATE OF WASHINGTON, *Respondent,* v. CECIL EDWARD HALL, *Appellant.*

*Julie A. Kesler* of *Washington Appellate Defender*

*Association,* for appellant.

*Norm Maleng, Prosecuting Attorney, Deborah J. Phillips, Senior Appellate Attorney,* and *Michael Schwartz, Deputy,* for respondent.

PER CURIAM.—Defendant, Cecil Edward Hall, was convicted by a jury of robbery in the second degree. The trial court determined that Hall had an offender score of 4 and that the standard range for the offense was 15 to 20 months. Hall was sentenced to 20 months of total confinement. Hall appealed and sought accelerated review pursuant to RAP 18.15 contending that the trial court erred in calculating his offender score.

We initially note that although the sentence appears on its face to be within the presumptive sentencing range, the matter is appealable despite the prohibitions of RCW 9.94A.210(1) because "the very issue on review is the determination and application of the appropriate standard." *State v. Andrews,* 43 Wn. App. 49, 51, 715 P.2d 526 (1986). *State v. Ammons,* 105 Wn.2d 175, 182–83, 713 P.2d 719, 718 P.2d 796 (1986). *State v. Harris,* 41 Wn. App. 561, 705 P.2d 280 (1985).

It is undisputed that defendant's criminal history includes: (1) a March 1, 1968 attempted burglary conviction (a class C felony); (2) an August 2, 1972 aggravated battery conviction (class B felony); and (3) a June 3, 1985 attempted theft conviction (a class C felony). The only issue raised on appeal is whether the 1968 class C felony had "washed out" because the appellant did not commit any felonies from 1972 to 1985. The trial court held that former RCW 9.94A.360(12) resulted in a class C felony being "washed out" only if the defendant had no felony convictions during the 5 years immediately following the class C felony in question.

Under the Sentencing Reform Act of 1981 (SRA), the presumptive sentencing range is determined by considering the offense seriousness score and the defendant's offender

score. Former RCW 9.94A.370. Computation of the offender score is governed by former RCW 9.94A.360. Subsection 12 provides:

Class C prior felony convictions . . . are not included if the offender has spent five years in the community and has not been convicted of any felonies since the last date of release from confinement pursuant to a felony conviction (including full–time residential treatment), if any, or entry of judgment and sentence.

RCW 9.94A.360(12) has been referred to as the "wash out" provision of the SRA.

▮ The statute is ambiguous as it is capable of two interpretations. *Adams v. Department of Social & Health Servs.*, 38 Wn. App. 13, 683 P.2d 1133 (1984). It could be construed as requiring the defendant's 5–year "crime–free" period to immediately follow the class C felony in question. Alternatively, the statute could be interpreted to mean that any 5–year "crime–free" period following a class C felony acts to wash out the offense. "In construing an ambiguous criminal statute, the rule of lenity requires us to adopt the interpretation most favorable to the defendant." *State v. Welty*, 44 Wn. App. 281, 283, 726 P.2d 472 (1986); *State v. Hartley*, 41 Wn. App. 669, 673, 705 P.2d 821, *review denied*, 104 Wn.2d 1028 (1985). As the Washington State Supreme Court held in *State v. Workman*, 90 Wn.2d 443, 454, 584 P.2d 382 (1978), it is "the policy of the court not to interpret a criminal statute so as to increase the penalty imposed, absent clear evidence of legislative intent to do so . . ."

▮ We have been presented with no evidence of the Legislature's intent prior to the enactment of former RCW 9.94A.360(12). However, in an October 4, 1985 meeting of the Sentencing Guidelines Commission, the commission recognized that the provision was ambiguous and recommended "that the full period of crime–free behavior must be met, but the time period need not immediately follow the conviction." Following this meeting, RCW 9.94A-.360(12) was recodified as RCW 9.94A.360(2) and amended

to provide, in part, as follows:

> Class C prior felony convictions shall not be included in the offender score if, since the last date of release from confinement (including full–time residential treatment) pursuant to a felony conviction, if any, or entry of judgment and sentence, the offender had spent five consecutive years in the community without being convicted of any felonies.

Laws of 1986, ch. 257, § 25, p. 932. Although former RCW 9.94A.360(12) controls this case, legislative amendments may be used as an indication of prior legislative intent. *In re Hunter,* 106 Wn.2d 493, 723 P.2d 431 (1986).

 As former RCW 9.94A.360(12) is ambiguous, the rule of lenity and the subsequent indications of legislative intent require that the statute be interpreted to require "wash out" of a class C felony conviction if the defendant has 5 consecutive crime–free years anytime following the class C felony in question. Thus, the trial court erred in determining that the 1968 attempted burglary conviction could be included in determining the offender score. If this conviction is not included in calculating the offender score, the standard range for the offense is 13 to 17 months. Thus, the defendant was sentenced above the standard range.

The sentence is reversed and the case is remanded for resentencing within the standard range.