[No. 18853–4–I.   Division One.   October 12, 1987.]

THE STATE OF WASHINGTON, *Respondent,* v. RONALD
JACK WARD, *Appellant.*

*Harvey Grad,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Ray McFarland, Deputy,* for respondent.

SCHOLFIELD, C.J.—Ronald Jack Ward appeals his sentence for the crime of attempted robbery in the first degree. We affirm.

## FACTS

Ward was charged with attempted robbery in the first degree, while armed with a deadly weapon. He pleaded guilty to the charge, in return for the State's agreement to drop the deadly weapon allegation.

Ward's offender score was 0. He had been convicted of a prior felony, but this was not counted in his score, due to its age. The standard range for the charge was calculated at 23.25 to 30.75 months. The State recommended a sentence

of 28 months.

Ward asked the court to consider an exceptional sentence consisting of 12 months in the King County Jail, with credit for good time and time served, to be followed by 1 year of community supervision. Further, Ward requested that he be allowed to serve the last months of his confinement at the Kitsap County Alcohol Recovery Program, or alternatively that he be required to complete the alcohol recovery program after release from total confinement. Ward also suggested that certain conditions be attached to his time of community supervision:

(1) Total abstinence from alcohol and all mood–altering drugs;
(2) Enter and successfully complete an in–patient alcoholism treatment program;
(3) Following successful completion of in–patient treatment, [residence] for a period of sixty days at a recovery house;
(4) [Successful completion of] an aftercare alcohol program.

Ward based his request for an exceptional sentence on his assertion that his alcoholism was a mitigating factor. He argued that he was significantly impaired in his ability to conform his conduct to the law's requirements. Ward presented written reports and testimony from John Deacon, a community corrections officer who prepared a presentence report, and from Steve Stinson, a case manager with TASC (Treatment Alternatives to Street Crime), who performed a substance abuse evaluation. Both individuals indicated that they would support Ward's request for an exceptional sentence based on his alcoholism.

The State opposed Ward's request for an exceptional sentence on two grounds. The first dealt with a pending Snohomish County charge for second degree assault, in which Ward threatened a store clerk with a knife during an attempted shoplift. The other ground was that the Legislature specifically excluded voluntary intoxication as a potential mitigating factor contributing to the defendant's inability to appreciate the wrongfulness of his or her crimi-

nal conduct.

After hearing counsel's arguments, the trial court declined to find that Ward's alcoholism was a mitigating factor justifying an exceptional sentence. The trial court noted that there was no indication from the facts of the case that Ward's alcoholism impaired his capacity to appreciate the wrongfulness of his conduct or to impair his ability to conform his conduct to the law's requirements at the time of the attempted robbery.

Ward was sentenced to 27 months' confinement, the midpoint of the standard range.

### APPELLATE REVIEW OF STANDARD RANGE SENTENCE

RCW 9.94A.210(1) states that:

A sentence within the standard range for the offense shall not be appealed. . . .

In *State v. Ammons,* 105 Wn.2d 175, 713 P.2d 719, 718 P.2d 796 (1986), the Washington Supreme Court interpreted this portion of the statute as follows:

We read RCW 9.94A.210(1) as only precluding appellate review of challenges to the amount of time imposed when the time is within the standard range. . . . When the sentence given is within the presumptive sentence range then as a matter of law there can be no abuse of discretion and there is no right to appeal that aspect. An appellant, of course, is not precluded from challenging on appeal the procedure by which a sentence within the standard range was imposed.

*Ammons,* at 182–83.

To date, published cases which have permitted review of standard range sentences under the sentencing reform act (SRA) have dealt with circumstances in which the appellant asserted that the offender score, and hence the appropriate standard range, was calculated improperly. *See, e.g., State v. Rienks,* 46 Wn. App. 537, 731 P.2d 1116 (1987) (what constitutes same criminal conduct); *State v. Andrews,* 43 Wn. App. 49, 715 P.2d 526 (1986) (review of trial court's ordering consecutive sentencing for multiple acts); *State v. Edwards,* 45 Wn. App. 378, 725 P.2d 442

(1986) (multiple crimes encompassing same course of conduct); *State v. Hall,* 45 Wn. App. 766, 728 P.2d 616 (1986) (calculation of offender score).

However, we believe that the holding in *Ammons* permitting appellate review of possible procedural error is applicable to the facts before us as well. The question of whether, in this instance, the trial court properly exercised its discretion is an appealable issue.

### ALCOHOLISM AS MITIGATING FACTOR

RCW 9.94A.390 authorizes departures from the sentencing guidelines as follows:

> The following are illustrative factors which the court may consider in the exercise of its discretion to impose an exceptional sentence. . . .
> (1) Mitigating Circumstances
>
> . . .
> (e) The defendant's capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law, was significantly impaired (voluntary use of drugs or alcohol is excluded).

*Ward argues that his disease of alcoholism impaired his ability to conform his conduct to the requirements of the law, and was, therefore, a mitigating factor to be considered at sentencing. Ward argues further that this State's adoption of the Uniform Alcoholism and Intoxication Treatment Act, RCW 70.96A, strongly suggests the Legislature's intent to provide treatment for alcoholism whenever feasible. The State does not dispute the diagnosis of Ward as an alcoholic. However, the State argues that RCW 9.94A.390(1)(e) specifically excludes voluntary intoxication as a mitigating factor.

The initial question before us is whether Ward's alcoholism was a causative factor of the crime with which he was charged and convicted. Although no findings and conclusions were filed, we turn to the trial court's oral opinion. *See Goodman v. Darden, Doman & Stafford Assocs.,* 100 Wn.2d 476, 670 P.2d 648 (1983). The trial court's opinion reflects the determination that Ward's alcoholism played no

part in his commission of the crime. The trial court stated:

> It's also quite clear in this case that Mr. Ward is an alcoholic, and there are not indications from the facts of this case that indicate that the defendant's capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the law is impaired . . .

Thus, we find that the trial court properly exercised its discretion by considering Ward's alcoholism as a possible mitigating factor, but rejected it, based on the lack of evidence that the attempted robbery was an alcohol–related offense. We therefore need not address the question of whether chronic alcoholism is "voluntary intoxication" and thus excluded as a mitigating factor under RCW 9.94A-.390(1)(e).

■ Ward's additional argument concerning RCW 70.96A, the Uniform Alcoholism and Intoxication Treatment Act, must also be rejected. This statute was enacted to set up certain treatment facilities for alcoholism. The stated purpose of the act is as follows:

> Declaration of policy. It is the policy of this state that alcoholics and intoxicated persons may not be subjected to criminal prosecution *solely because of their consumption* of alcoholic beverages but rather should be afforded a continuum of treatment in order that they may lead normal lives as productive members of society.

(Italics ours.) RCW 70.96A.010.

Nowhere in this statute or in the SRA is there any expression of legislative intent that RCW 70.96A would in any way impact sentencing under the SRA. On the contrary, RCW 9.94A.030(7) specifically states that the sentencing court's authority to order crime–related prohibitions "shall not be construed to mean orders directing an offender affirmatively to participate in rehabilitative programs or to otherwise perform affirmative conduct." *See also* D. Boerner, *Sentencing in Washington* § 4.6 (1985). Thus, we find no basis for Ward's claim that the statutory scheme requires consideration of his alcoholism as a mitigating factor.

Judgment affirmed.

WILLIAMS, J., and SCHUMACHER, J. Pro Tem., concur.

Reconsideration denied December 22, 1987.