[No. 14164-7-II.   Division Two.   April 22, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES CRAIG MAIL, *Petitioner.*

*Steven R. Johnson* and *Johnson & Heard,* for petitioner (appointed counsel for appeal).

*H. Steward Menefee, Prosecuting Attorney,* and *Joseph F. Wheeler, Jr., Deputy,* for respondent.

SEINFELD, J. — James Mail challenges the trial court's denial of his motion to vacate the judgment and standard range sentence imposed in 1990 for one count of attempted assault in the first degree. He contends that the sentencing judge violated the Sentencing Reform Act of 1981 (SRA), RCW 9.94A, when the court independently reviewed the contents of a prior court file containing Mail's 1981 second degree assault conviction. That conviction was listed in the criminal history section of Mail's 1990 presentence report. Mail was not advised that the trial court had read the 1981 file until the judge, in pronouncing sentence, made reference to it. The 1981 file contained details regarding the earlier assault that were not contained in any of the materials submitted for the 1990 sentencing hearing.

On May 3, 1990, Mail pleaded guilty to attempted assault in the first degree as charged in an amended information. The plea resulted from an agreement with the State; the original charge was first degree assault. The victim was Mail's girlfriend, whom he kicked, causing severe injuries including a broken jaw, broken teeth, large bruises and blood in the urine. Mail claims that he was so intoxicated at the time that he does not remember the assault.

A sentencing hearing was held on July 9, 1990. The State recommended a sentence at the low end of the 57.75 to 76.50 standard range, pursuant to the plea agreement. Mail sought a sentence below the standard range. In the presentence investigation report, the community corrections officer recommended an exceptional sentence above the standard range of 85 months. The trial court sentenced Mail to 76.50 months, the high end of the range, noting that this was a particularly brutal assault. Referring to Mail's criminal history, the trial court also noted that Mail had broken another person's jaw in a 1981 second degree assault and that he violated his probation for that offense by assaulting a woman named Robin Davis by entering the home of Dawn Crider. None of these specific facts concerning the 1981 conviction or probation violations were contained in the presentence report for the current assault.

Mail then moved to vacate the judgment and sentence and to disqualify the sentencing judge from presiding over further proceedings in the case, asserting that the judge's independent investigation of Mail's criminal history was improper. On July 16, 1990, the sentencing judge conducted a hearing on the matter and denied the motion. He explained his reasons as follows:

> I did, I went back and I looked at the '81 file which was referred to by number and by offense [second degree assault] in the presentence report, and I agree that I should have stated that up front, rather than towards the end of the hearing.
>
> I can't see that that makes any difference. There's nothing in the file to indicate any of these matters are yet controverted. The presentence report that was before the Court said that he was convicted of second degree assault, and the only thing I got out of the file was what was broken. Whether it's a jaw or a leg or whether anything was broken at all, it was still second degree assault. I can't see what possible difference it made.
>
> The presentence report says that there were three subsequent assaults, and I told you at the time of the sentencing, in review of the file, I could only find one, that was the one on Robin Davis, so I think he [defendant] probably benefitted from my review of the file in that case . . . So I don't think I went beyond anything in the presentence report. . . .

The State contends that Mail is precluded from bringing this appeal from a standard range sentence by RCW 9.94A-.210(1). That section of the sentencing reform act states in part:

> A sentence within the standard range for the offense shall not be appealed.

The trial court has discretion to sentence anywhere within the standard range without providing any reasons in support of its decision. *See* RCW 9.94A.370(1). Clearly, there cannot be an abuse of discretion where the court is allowed this unfettered discretion, and consequently, as a matter of law there is no right to appeal the amount of time imposed. *State v. Ammons*, 105 Wn.2d 175, 183, 713 P.2d 719, 718 P.2d 796, *cert. denied*, 479 U.S. 930 (1986). However, *Ammons* does permit challenges to the procedure by which a sentence

within the standard range is imposed. Cases that have permitted such a procedural challenge to a standard range sentence generally involve allegations of error in calculating the offender score and, therefore, the appropriate standard range. *State v. Ward*, 49 Wn. App. 427, 429, 743 P.2d 853 (1987) (citing *State v. Rienks*, 46 Wn. App. 537, 731 P.2d 1116 (1987) (what constitutes same criminal conduct); *State v. Andrews*, 43 Wn. App. 49, 715 P.2d 526 (1986) (review of trial court's ordering consecutive sentencing for multiple acts); *State v. Hall*, 45 Wn. App. 766, 728 P.2d 616 (1986) (calculation of offender score)).

*Ammons*, which considered a challenge to the constitutionality of the SRA based on the separation of powers doctrine, resolved various issues related to the calculation of the offender score (must a defendant disclose prior convictions?, what is the burden of proof to establish the existence of prior convictions?, must the State establish the constitutional validity of the prior convictions?, and what showing must be made that the defendant and the person with the prior record are the same person?).

The *Ward* court, however, extended *Ammons* to permit review of a "possible procedural error" stemming from the trial court's refusal to find that defendant's alcoholism played a part in the offense and thus amounted to a mitigating factor warranting a sentence below the standard range. *Ward*, 49 Wn. App. at 430. The State opposed an exceptional sentence for Ward, partially on the ground "that the Legislature specifically excluded voluntary intoxication as a potential mitigating factor contributing to the defendant's inability to appreciate the wrongfulness of his or her criminal conduct." *Ward*, at 428. In reviewing Ward's midrange sentence, Division One stated, "The question of whether, in this instance, the trial court properly exercised its discretion is an appealable issue." *Ward*, at 430.

While we do not necessarily agree with Division One that a defendant may appeal the refusal of the trial court to find particular facts to be mitigating circumstances, the situation here is distinguishable from *Ward*. Ward did not challenge

his offender score or allege that the standard range was incorrectly calculated. Instead he argued that the trial court abused its discretion in determining that his alcoholism was not a mitigating factor. The determination as to whether particular facts constitute legally sufficient mitigating or aggravating factors under RCW 9.94A.390(1)(e) controls whether an exceptional sentence is an option. If an exceptional sentence is an option, the available sentence length choices and, thus, the limits of permissible judicial discretion are expanded. In that respect *Ward* is similar to those cases allowing a challenge to the calculation of the standard range; it deals with the parameters of permissible trial court discretion. In *Ward*, defendant argued that the range of permissible sentence length options was extended downward by the existence of a legally sufficient mitigating factor.

■ On the other hand, Mail is dissatisfied with the method by which the trial court decided where within a correctly determined standard range to set the length of the sentence. Mail does not challenge the dimensions of the field, but only the method used by the trial judge to conduct his subjective evaluation. This appeal is precluded by RCW 9.94A.210(1).

This determination does not foreclose our review of the trial court's action in this case. Under RAP 2.3(b)(3), the appellate court will accept discretionary review of a trial court action that so far departs from the "accepted and usual course of judicial proceedings . . . as to call for review by the appellate court." As the sentencing judge here acknowledged, he should have advised Mail and counsel, prior to the sentencing hearing, that he had reviewed the 1981 file. During oral argument counsel for Mail agreed that the type of information contained in the file could be put before the judge in a presentence report. However, if the judge relies on information that is not shared, counsel is unable to challenge its accuracy or argue why it is not applicable. A defendant has a statutory right to dispute the information relied on by the court in determining the sentence. If the defendant does so, "the court must either not

consider the fact or grant an evidentiary hearing on the point." RCW 9.94A.370(2).

Although we do not condone the action of the trial court, neither do we see how it affected Mail's sentence. The undisputed facts presented at the hearing portray a particularly brutal attack. There was evidence that the damage to the victim's teeth and jaw alone would cost about $5,000 to repair. Further, the trial judge stated at the hearing on the motion to vacate that he was unable to substantiate some of the assaults referred to in the presentence investigation, and that Mail may actually have benefited from the court's investigation. Considering the brutality of the attack and the severity of the victim's injuries, together with the fact that the corrections officer was seeking an exceptional sentence of 85 months, the sentence was clearly justified.

■ We therefore conclude that the trial court appropriately exercised its discretion in imposing a high-end standard range sentence. Furthermore, we believe that it is exceedingly unlikely that a lesser sentence would be imposed were we to grant Mail's request for review or for remand for resentencing before another judge unfamiliar with his 1981 court file. Therefore, we conclude that this is not "the relatively unusual case calling for the exercise of revisory jurisdiction'" under RAP 2.3(b)(3). *See* RAP 2.3 comment b as discussed in Crooks, *Discretionary Review of Trial Court Decisions Under the Washington Rules of Appellate Procedure*, 61 Wash. L. Rev. 1541, 1548 (1986).

Review denied.

PETRICH, C.J., and ALEXANDER, J., concur.

Discretionary review granted by Supreme Court October 6, 1992.