IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33342-6-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ELVIS CAMILLO RENTERIA LOPEZ, | ) | |
| | ) | UNPUBLISHED OPINION |
| Appellant. | ) | |

KORSMO, J. — A jury found Elvis Camillo Renteria Lopez guilty of first degree robbery, second and third degree assault, and two counts of attempting to elude a police vehicle. In an unpublished opinion, this court affirmed the convictions, but remanded for recalculation of Mr. Lopez's offender score and possible resentencing. On remand, the court found Mr. Lopez's offender score was correctly calculated and declined to modify his sentence. Mr. Lopez appeals again arguing the State failed to adequately prove his criminal history for offender score calculation purposes. The State concedes. We accept the State's concession and again remand for recalculation of Mr. Lopez's offender score and resentencing, if necessary.

FACTS

In 2012, a jury found Mr. Lopez guilty of first degree robbery, second and third degree assault, and two counts of attempting to elude a police vehicle all committed on or

about April 13, 2010. On appeal, this court remanded for resentencing because the State failed to show one of Mr. Lopez's prior felony convictions should be included in his offender score calculation.

On remand, the State filed a sentencing memorandum, showing a criminal history of first degree theft committed in August 1999 and sentenced on March 1, 2000; first degree robbery committed in January 2000 and sentenced on August 25, 2000; and unlawful possession of a controlled substance committed in May 2000 and sentenced on August 25, 2000. Also attached to the memorandum was a copy of a judgment and sentence for "mip/mic" entered in Benton County District Court on February 11, 2005. Clerk's Papers at 97. The judgment and sentence provides for a sentence of "365 days in jail with 363 days suspended." *Id.* The State argued that because five years did not elapse between Mr. Lopez's August 25, 2000 felony sentencing, and his February 11, 2005 gross misdemeanor sentencing, the unlawful possession conviction should be included in his offender score. The State, however, failed to provide evidence showing Mr. Lopez was not crime-free for five years between February 2005 and the current April 2010 offenses.

The sentencing court on remand found Mr. Lopez's offender score was properly calculated and declined to modify his sentence. Mr. Lopez appeals.

2

ANALYSIS

The issue is whether the sentencing court miscalculated Mr. Lopez's offender score. He contends the washout provision of RCW 9.94A.525(2)(c) required the court to exclude his prior class C felony conviction for possessing a controlled substance because the State presented no evidence of his release date, and more than five years had elapsed since the date of his judgment and sentence. The State agrees we should remand to properly determine Mr. Lopez's offender score and resentence him, if necessary. We conclude this is an appropriate resolution given the lack of evidence presented by the State regarding the 2005 offense and the current offenses.

To assist the parties and court on remand, we note the offender score statute governs when class C felony convictions may be included in a defendant's offender score. The relevant subsection provides, in pertinent part, "class C prior felony convictions other than sex offenses shall not be included in the offender score if, since the last date of release from confinement . . . the offender had spent five consecutive years in the community without committing any crime that subsequently results in a conviction." RCW 9.94A.525(2)(c). The statute contains a "trigger" clause, which identifies the beginning of the five-year period. *State v. Ervin*, 169 Wn.2d 815, 821, 239 P.3d 354 (2010). Any offense committed after the trigger date that results in a conviction resets the five-year clock. *Ervin*, 169 Wn.2d at 821. The State has the burden to prove prior convictions at sentencing by a preponderance of the evidence. *State v. Hunley*, 175 Wn.2d 901, 909-10,

3

No. 33342-6-III
*State v. Lopez*

287 P.3d 584 (2012). This includes the burden to prove that prior convictions have not washed out for the purpose of calculating a defendant's offender score. *In re Pers. Restraint of Cadwallader*, 155 Wn.2d 867, 875-76, 123 P.3d 456 (2005).

This appeal relates to offenses committed on or about April 13, 2010. Based on the above, before including Mr. Lopez's prior class C felony possession conviction in calculating his offender score, it must first be determined there was no five-year crime free period at *any time* from the date of release from confinement until the date the current offenses were committed. *State v. Hall*, 45 Wn. App. 766, 769, 728 P.2d 616 (1986).

In sum, we accept the State's concession and remand for recalculation of Mr. Lopez's offender score, and possible resentencing, in accordance with this court's opinion.

Remanded.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Fearing, J.

Lawrence-Berrey, J.

4