IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  53234-4-II |
| Respondent, | |
| v. | |
| CHARLES NICK MALLIS, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, J.—When Charles Mallis was 20 years old, he shot a 17-year-old who he thought might have sexually assaulted his younger sister. Mallis pleaded guilty to first degree assault with a firearm enhancement and unlawful possession of a firearm. He received a standard range sentence, which he appeals. Mallis argues that his trial counsel rendered ineffective assistance by failing to bring *State v. O'Dell*[1] to the sentencing court's attention in support of his argument for a sentence at the low end of the standard range. We reverse Mallis's sentence and remand for resentencing.

FACTS

When Mallis was 20 years old, he sent Zaccary Bopp Facebook messages threatening to assault Bopp. Mallis also sent Bopp text messages with pictures of Mallis posing with various firearms. One night, after sending a friend to locate Bopp, Mallis shot Bopp with a .22 caliber rifle

---

[1] 183 Wn.2d 680, 358 P.3d 359 (2015).

while Bopp was standing on his front porch. While Bopp was in the hospital, Mallis called Bopp's girlfriend and threatened to come to the hospital to finish what he had started.

The State charged Mallis with one count of first degree attempted murder, one count of first degree assault, two counts of first degree unlawful possession of a firearm, one count of tampering with a witness, and one count of felony harassment, with two firearm enhancements. Mallis ultimately pleaded guilty to one count of first degree assault with a firearm enhancement and one count of first degree unlawful possession of a firearm.

At sentencing, the State recommended a high-end standard sentence of 231 months (just over 19 years). Mallis sought a low-end standard sentence of 189 months (almost 16 years), arguing that the victim provoked Mallis by forcing Mallis's 14-year-old sister to smoke methamphetamine and possibly sexually assaulting her. Counsel did not argue that Mallis's youth should be considered as a factor warranting a low-end sentence, nor did counsel refer the court to *O'Dell*. When addressing the court himself, Mallis characterized his actions as "[c]hildish acts." Verbatim Report of Proceedings (VRP) at 12-13.

The sentencing court sentenced Mallis to 231 months of total confinement, the high end of the standard range. It reasoned:

> What I recall from the probable cause statement, and this kind of confirms it, this reaction, that if it wasn't for how serious it is, it's just phenomenally juvenile. And, fortunately, phenomenally inept. It's not even a matter of callousness, just is a complete lack of recognition that this is a serious thing and you probably shouldn't shoot people. It seems very clear that that kind of a decision making process was utterly absent. So, it seems to me that Mr. Mallis is a very dangerous individual, just because he completely lacks that notion of any sort of decision making process.

VRP at 13-14.

Mallis appeals his sentence.

ANALYSIS

Mallis argues that his trial counsel rendered ineffective assistance by failing to bring *O'Dell* to the sentencing court's attention in support of his argument for a sentence at the low end of the standard range. We agree.

Although a standard range sentence is generally not subject to appeal, a defendant may appeal a standard range sentence if they allege a constitutional violation. *State v. Bramme*, 115 Wn. App. 844, 850, 64 P.3d 60 (2003). Ineffective assistance of counsel is a constitutional violation. *State v. Soonalole*, 99 Wn. App. 207, 215, 992 P.2d 541 (2000).

The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution guarantee the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685-86, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. Grier*, 171 Wn.2d 17, 32, 246 P.3d 1260 (2011). To prevail on a claim of ineffective assistance of counsel, the defendant must show both (1) that defense counsel's representation was deficient and (2) that the deficient representation prejudiced the defendant. *Grier*, 171 Wn.2d at 32-33. If either prong is not satisfied, the defendant's claim fails. *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 673, 101 P.3d 1 (2004).

Representation is deficient if, after considering all the circumstances, the performance falls "'below an objective standard of reasonableness.'" *Grier*, 171 Wn.2d at 33 (quoting *Strickland*, 466 U.S. at 688). To show prejudice, a defendant must establish that "there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different." *State v. Kyllo*, 166 Wn.2d 856, 862, 215 P.3d 177 (2009). "A reasonable

probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

The failure to cite to controlling case law can constitute ineffective assistance of counsel. *State v. Hernandez-Hernandez*, 104 Wn. App. 263, 266, 15 P.3d 719 (2001). Sentencing courts have broad discretion to sentence anywhere within the standard range. *State v. Mail,* 65 Wn. App. 295, 297-98, 828 P.2d 70 (1992) (characterizing the trial judge's discretion to sentence within the standard range as "unfettered"). Nonetheless, "[a] trial court cannot make an informed decision if it does not know the parameters of its decision-making authority." *State v. McGill*, 112 Wn. App. 95, 102, 47 P.3d 173 (2002).

Mallis bases his ineffective assistance claim on his counsel's failure to cite *O'Dell* to support his request for a low-end sentence. In *O'Dell*, the Supreme Court held that while "age is not a per se mitigating factor," youth can be a substantial and compelling factor justifying an exceptional sentence below the standard range for an offender who recently turned 18 years old. 183 Wn.2d at 695-96. The court emphasized the psychological and neurological studies illustrating the fundamental differences between adolescent and mature brains in the areas of risk and consequence assessment, impulse control, tendency toward antisocial behaviors, and susceptibility to peer pressure. *Id.* at 691-92.

Here, Mallis was 20 years old when he shot Bopp, and Mallis described his choices as "[c]hildish acts." VRP at 12-13. Although Mallis was not seeking an exceptional downward departure from the standard sentencing range, he was seeking the lowest sentence available within the standard range, and the reasoning in *O'Dell* would have supported that request. Mallis's counsel failed to cite recent, relevant case law wherein the Supreme Court held that a defendant's

young age can support a lower sentence even where the defendant was over 18 when they committed the crime. Counsel failed to do so even when his client emphasized his own childishness and even when the trial court's remarks suggested that the court relied on youthful impulsiveness as a reason for a higher sentence. This constituted deficient performance.

Further, that counsel's deficient performance prejudiced Mallis is evidenced by the sentencing court's emphasis on Mallis's youthfulness and immaturity. The sentencing court described Mallis's actions as "phenomenally juvenile" and reflective of an undeveloped decision-making process. VRP at 13-14. But rather than weighing these characteristics as mitigating factors as called for by *O'Dell*, the sentencing court used Mallis's youthfulness as its sole reason for imposing a high-end standard sentence. Had Mallis's trial counsel brought *O'Dell* to the sentencing court's attention, there is a reasonable probability that the trial court would have engaged in a meaningful consideration of Mallis's youthfulness and imposed a different sentence. Under these circumstances, resentencing is appropriate.

We reverse Mallis's sentence and remand to the trial court for resentencing.

No. 53234-4-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Lee, C.J.

Sutton, J.